COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOHN DAVID WOODS, JR.,                              )

                                                                              )               No.  08-01-00128-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
363rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )                
(TC# F-0054533-W)

                                                                              )

 

 

O P I N I O N

 

Appellant, John
David Woods, Jr., was charged with possession of a controlled substance to
wit:  cocaine, in an amount by aggregate
weight of 1 gram or more but less than 4 grams, including any adulterants or dilutants.  Appellant
filed a pretrial written motion to suppress evidence.  After holding a two-day hearing, the trial
court denied the motion.  On February 23,
2001, Appellant signed a plea bargaining agreement, pleading guilty to the
possession offense and pleading true to an enhancement paragraph in the
indictment.  Pursuant to the plea
agreement, the trial court assessed punishment at 2 years confinement in the
Institutional Division of the Texas Department of Criminal Justice and imposed
a fine of $2,000.  Appellant brings
eleven issues for review, all of which contest the trial court=s denial of his motion to
suppress.  We affirm.








FACTUAL
BACKGROUND

At
the suppression hearing, the State introduced into evidence testimony from
Officers Suzanne Richard and Brian Tabor.  On October 7, 2000 at approximately 9:35 in
the evening, Officer Suzanne Richard and her partner, Officer Brian Tabor, were
out on special assignment to respond to numerous citizen complaints about drugs
being sold in the 10300 block of Cymbal, a high crime and drug sales area.  Officer Richard testified that they were in
full uniform and driving a marked squad car. 
When they arrived to the location on Cymbal they observed a group of
people standing on the sidewalk and saw Appellant standing in the middle of the
street, flagging down cars that drove by down the street.  Officer Richard also stated that one car had
stopped and that Appellant had walked up to the driver=s
side of the vehicle.  As they pulled up,
Appellant started to walk away from the police car.  The officers exited the squad car and stopped
Appellant for Apedestrian
in the roadway.@  Upon exiting the squad car, Officer Richard
was the closest to Appellant and approached him first.   When the officers made contact with
Appellant they were able to identify him and ran his identity information through
the computer in the squad car.  As soon
as they ran the information, the officers learned that Appellant had an
outstanding warrant for failure to appear.








Appellant was
placed under arrest and was searched by Officer Richard incident to that
arrest.  Appellant was wearing oversized,
low-hanging pants.  To conduct the
search, Officer Richard had to pull up Appellant=s
pants a bit so that she could feel his backside.  In the course of patting down Appellant,
Officer Richard felt a bulletproof vest. 
Officer Richard also felt a big lump in Appellant=s
pants towards the back of his buttocks. 
With gloved hands, Officer Richard pulled back his pants and underwear
and saw a package of drugs about an inch from the waistband of Appellant=s pants, up against Appellant=s butt cheeks and his underwear.  Officer Richard removed the package of drugs.  She testified that the package was a baggie
containing seventeen rocks of cocaine and was about three to four inches
long.  Officer Richard denied the
allegation that she conducted a body cavity search of the Appellant.  Officer Tabor also testified that Officer
Richard did not find the drugs in a body cavity and that the drugs she found
were only a couple of inches below Appellant=s
pants line.

On
cross-examination, Officer Richard testified that she was not aware of anyone
looking out of their windows at Appellant during the search that night.  Officer Richard denied finding the drugs in
the crack between Appellant=s
butt cheeks and denied pulling down Appellant=s
pants.  Officer Richard also denied
searching Appellant near his genital area under his garments.

MOTION
TO SUPPRESS

Standard
of Review








A trial court=s ruling on a motion to suppress is
generally reviewed for an abuse of discretion. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996); Brewer v. State, 932 S.W.2d
161, 166 (Tex.App.‑‑El Paso 1996, no
pet.).  On a motion to suppress
evidence, the trial judge is the sole trier of fact
and judge of the credibility of the witnesses, including what weight, if any,
is to be given to their testimony.  Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App.
1990).  Consequently, the
reviewing court must defer to the trial court=s
determination of historical facts supported by the record, especially when the
trial court=s
findings are based on an evaluation of credibility and demeanor.  Guzman v. State, 955
S.W.2d 85, 89 (Tex.Crim.App. 1997); Gordon v.
State, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999,
no pet.).  We review de novo
the trial court=s
determinations of reasonable suspicion and probable cause and will presume that
the trial judge found the police officers=
testimony credible since she overruled Appellant=s
motion to suppress.  See
Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); Guzman, 955 S.W.2d at 89; Cook
v. State, 1 S.W.3d 718, 721 (Tex.App.--El Paso
1999, pet. ref=d).

Equal
Protection and Due Process








In Issues One
through Six, Appellant argues that the trial court erred in overruling his
motion to suppress because the search of Appellant violated his right to equal
protection under the Fourteenth Amendment of the U.S. Constitution and Article
I, '' 3 and 3a of the Texas
Constitution and his right against unreasonable search and seizure under the
Fourth Amendment of the U.S. Constitution, Article I, '
9 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal
Procedure.[1]  At the suppression hearing and on appeal,
Appellant argues that the Dallas Police Department policy which permits a
female officer to conduct a body search of a male suspect, but does not allow a
male officer to conduct a body search of a female suspect, violated Appellant=s right to equal protection and due
process of law.  Appellant contends that
the Department=s policy
of allowing female officers to conduct a search of a male suspect affected
Appellant=s
fundamental rights to equal protection and due process of law in that the
policy is facially discriminatory because it permits male suspects to be
searched by male or female officers, but only permits female officers to search
female suspects.  Appellant asserts that
allowing female officers to touch a male suspect=s
genital area is inappropriate and a violation of both equal protection and
unreasonable search and seizure. 
Appellant also asserts that the Department=s
policy elevates females over males by giving females a safeguard against
inappropriate and outrageous police conduct to which Appellant, as a male, was
subjected.

Exclusionary
Rule Article 38.23

Article 38.23 of
the Texas Code of Criminal Procedure prohibits the use of unlawfully seized
evidence.  Article 38.23(a) provides in
relevant part:

No evidence obtained by an officer or
other person in violation of any provisions of the Constitution or laws of the
State of Texas, or of the Constitution or laws of the United States of America,
shall be admitted in evidence against the accused on the trial of any criminal
case.

 

Tex.Code Crim.Proc.Ann.
art. 38.23(a)(Vernon Supp.
2003).  The primary purpose of the
exclusionary rule is to deter police activity that could not have been
reasonably believed to be lawful by officers engaging in the activity.  See Drago v. State,
553 S.W.2d 375, 378 (Tex.Crim.App. 1977); Watson
v. State, 10 S.W.3d 782, 784 (Tex.App.--Austin
2000, no pet.).  Before Article 38.23 may
be invoked, it must be shown that the evidence in question was obtained in
violation of the constitution or laws of either the United States or Texas.  Woods v. State, 970
S.W.2d 770, 775 (Tex.App.--Austin 1998, pet. ref=d).  If evidence is not obtained in violation of
any law or constitutional provision, its admission is not in contravention of
Article 38.23(a).  See State v. Mayorga, 901 S.W.2d
943, 945 (Tex.Crim.App. 1995).

Equal
Protection Claim








Appellant asserts
that the trial court erred in denying his motion to suppress because the Dallas
Police Department search policy is facially discriminatory and based solely
upon gender. The Equal Protection Clause of the Fourteenth Amendment to the
U.S. Constitution requires that all persons similarly situated shall be treated
alike under the law.  Plyler v. Doe, 457
U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786
(1982).  Article I, section 3 of
the Texas Constitution provides that A[a]ll free men, when they form a social compact, have equal
rights . . . .@  This provision of the state bill of rights
provides the same guarantees as the Equal Protection Clause of the Fourteenth
Amendment.  See Sonnier
v. State, 913 S.W.2d 511, 521 (Tex.Crim.App.
1995); Rose v. Doctors Hosp., 801 S.W.2d 841, 846 (Tex. 1990).  Proof of discriminatory intent or purpose is
required to show a violation of the Equal Protection Clause.  Village of Arlington Heights v.
Metropolitan Housing Development Corp., 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977).  If a classification employed by state action
is drawn around a suspect class or affects a fundamental right, a reason to
suspect discriminatory intent arises.  Personnel Administrator of Mass. v. Feeney, 442 U.S. 256,
273, 99 S.Ct. 2282, 2293, 60 L.Ed.2d 870 (1979).  In the case of gender classification, the
state is required to prove that its classification serves important
governmental objectives and the discriminatory means  employed bear a close and substantial
relationship to those objectives.  Nguyen v. I.N.S., 533 U.S. 53, 60-1, 121 S.Ct.
2053, 2059, 150 L.Ed.2d 115 (2001); Feeney, 442 U.S. at 273, 99 S.Ct. at 2293. 
Article 38.23 interpreted broadly requires the exclusion of any evidence
obtained in violation of any provision of the Texas or federal constitutions.  See Tex.Code Crim.Proc. Ann. art. 38.23(a).  Without deciding whether a motion to suppress
hearing is an appropriate venue for asserting an equal protection claim under
Article 38.23, we will consider whether Appellant established that the evidence
in this case was Aobtained
in violation@ of the
Equal Protection Clause.








At the suppression
hearing, defense counsel cross-examined Officers Richard and Tabor regarding the
Dallas Police Department=s
search policy.  Officer Tabor admitted
that under normal circumstances, the Department policy is that male suspects
may be subjected to a full body search in the field by either a male or female
officer.  Officer Tabor also admitted
that under the same policy, female suspects may be subjected to a full body
search by only female officers.  Officer
Tabor conceded that nothing prevented him, a male officer, from searching
Appellant.  However, Officer Tabor also
stated that if Appellant had tried to run away while being searched by Officer
Richard, he would have had a better advantage in catching Appellant.  Officer Richard testified that under normal
procedures, she would have conducted the search of a female suspect even if
Officer Tabor had his hands on the female suspect first.  Under exigent circumstances, however, a male
officer can search a female suspect.








There is no
evidence in the record which supports Appellant=s
contention that the Department search policy violates the Equal Protection
Clause.  Appellant offered no evidence at
the suppression hearing that showed that the manner in which body
searches were conducted on male suspects differed from body searches on female
suspects.  His equal protection complaint
is limited to challenging the sex of the officer conducting the search, rather
than the search itself.  In his brief,
Appellant contends that the policy affords female suspects a safeguard against
inappropriate police conduct.  Yet, there
is no evidence in the record that under the policy, male suspects are Asubjected to the outrageous police
conduct,@ while
female suspects are not.  Appellant has
not argued that the search conducted on his person would have been different in
kind had he been a female or if he had been searched by a male officer.  To this extent, Appellant failed to present
evidence that the Department search policy was discriminatory on the basis of
gender.  We have not found nor does
Appellant point to any authorities that support his contention that a police
policy which permits male or female officers to conduct body searches on male
suspects violates the Equal Protection Clause. 
Therefore, we cannot conclude that the trial court erred in denying
Appellant=s motion
to suppress based on his equal protection claim.

Due
Process Claim

Appellant also asserts
that the search of his person by a female, rather than a male officer, violated
his right against unreasonable search and seizure under the Fourth Amendment of
the U.S. Constitution, Article I, '
9 of the Texas Constitution.  Appellant
does not argue that his right differs under the Texas Constitution,
therefore we only reach his federal claim. 
See Norris v. State, 902 S.W.2d 428, 446 n.22 (Tex.Crim.App. 1995); Heitman
v. State, 815 S.W.2d 681, 690-91 n.23 (Tex.Crim.App.
1991).

Searches made
incident to a lawful arrest and which are otherwise proper in scope are excepted from both state and federal constitutional search
warrant requirements.  Rogers v. State,
774 S.W.2d 247, 264 (Tex.Crim.App. 1989), cert.
denied, 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d
520 (1989); United States v. Robinson, 414 U.S. 218, 225, 94 S.Ct. 467, 472, 38 L.Ed.2d 427 (1973).  It is reasonable within the meaning of the
federal constitution for an officer to search a suspect for weapons or contraband
upon lawful arrest.  See Robinson,
414 U.S. at 234-36, 94 S.Ct. at 476-77.








In the present
case, Appellant does not dispute on appeal that he was lawfully arrested
pursuant to an outstanding warrant. 
Officer Richard testified that upon his arrest, Appellant was searched
for weapons or contraband prior to placing him in the back of the squad
car.  In his brief, Appellant indicates
that this search incident to arrest was unreasonable because it was conducted
by a female officer and because it involved inappropriate contact with his
genital area.  As to unreasonableness, we
understand Appellant to be arguing that Officer Richard exceeded the scope of a
reasonable search incident to arrest.  See
Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868,
1879, 20 L.Ed.2d 889 (1968).  There is no evidence in the record to support
Appellant=s
contention that he was subjected to an intrusive search.  Officer Richard denied conducting a strip
search or a body cavity search in obtaining the evidence seized.  Officer Tabor testified to the same.  Therefore, the trial court did not err in
denying Appellant=s motion
to suppress based on his due process of law claim.  We overrule Issues One through Six in their entirety.

Investigative
Detention 

In Issues Seven
through Eleven, Appellant argues that the trial court erred in denying his
motion to suppress because there was no probable cause to detain Appellant,
therefore the evidence was seized in violation of Appellant=s right against unreasonable search and
seizure under the Fourth and Fourteenth Amendments of the U.S. Constitution,
article I, ' 9 and ' 19 of the Texas Constitution, and
Article 38.23 of the Texas Code of Criminal Procedure.  

Initially, we note
that Appellant claims relief under both the federal and state constitutions,
yet he does not brief his federal and state claims separately.  An appellant claiming relief under both the
federal and state constitutions must Aanalyze
argue, or provide authority to establish that his protection under the Texas
Constitution exceeds or differs from that provided to him by the Federal
Constitution.@  Arnold v. State, 873 S.W.2d 27, 33 n.4 (Tex.Crim.App. 1993).  Since Appellant has failed to provide any
substantive analysis and argument as to how the protection provided by the
Texas Constitution differs, we only reach his federal claims.  Norris, 902 S.W.2d at
446 n.22; Heitman, 815 S.W.2d at 690-91
n.23.








An investigative
detention occurs when a police officer, under a display of law enforcement
authority, temporarily detains a person for purposes of an investigation.  Johnson v. State,
912 S.W.2d 227, 235 (Tex.Crim.App. 1995).  A law enforcement officer may stop and
briefly detain a person if the officer has reasonable suspicion, supported by articulable facts that criminal activity is afoot, even
though the officer lacks evidence rising to the level of Aprobable cause@
to arrest.  Terry,
392 U.S. at 22, 88 S.Ct. at 1880; Davis v. State,
947 S.W.2d 240, 242-43 (Tex.Crim.App. 1997).

AReasonable suspicion@ requires that the officer have
specific, articulable facts that, in light of his
experience and personal knowledge, would lead him to reasonably suspect that a
particular person has engaged in or is, or soon will be, engaging in illegal
conduct.  Garcia v.
State, 43 S.W.3d 527, 530 (Tex.Crim.App.
2001).  Whether
reasonable suspicion is present is determined under an objective standard.  Terry, 392 U.S. at 21-2, 88 S.Ct. at 1879-80; Davis, 947
S.W.2d at 243.  In determining the
reasonableness of the investigative detention, we examine the totality of the
circumstances.  Terry,
392 U.S. at 19, 88 S.Ct. at 1878-79; Woods v.
State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997).








At the suppression
hearing, Officer Richard testified that she had four years of experience as a
police officer.  On the evening of
October 7, 2000, she and Tabor were on special assignment that night to respond
to numerous complaints that drugs were being sold in the 10300 block of
Cymbal.  Officer Tabor testified that
this location was a known drug area and that he was assigned to this area to
combat the high crime and high drug sales there.  When they arrived, Officer Richard observed
Appellant walking in the middle of the street and flagging down cars.  Officer Tabor observed Appellant leave a
group of people and walk on the side of the street and then across to the other
side of Cymbal.  Officer Tabor stated
that he had quite a bit of experience in dealing with drug trafficking and drug
exchanges on the street.  According to
Officer Tabor, he did not believe that they saw Appellant involved in an actual
hand-to-hand drug transaction, but Appellant was on a corner where persons are
always selling drugs.  Officer Tabor
noted that Appellant was acting nervous in that he quickly tried to walk away
as they approached and that Appellant was a pedestrian in the roadway.  After exiting the squad car, the officers
walked up to Appellant to identify him and then checked for outstanding
warrants.  Based on the totality of the
circumstances, including the numerous citizen complaints that evening about
drug sales on the block, the officers= police experience, the area in which
Appellant was detained, and the officers=
observations, we conclude that reasonable suspicion existed to justify the
initial detention.  We overrule Issues
Seven through Eleven.

We affirm the
trial court=s
judgment.

 

 

February
27, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant also relies on Article I, '
3a, the Equal Rights Amendment of the Texas Constitution.  However, Appellant failed to raise Article I,
' 3a as a ground for granting his motion
to suppress in the trial court. 
Accordingly, we find that Appellant has waived this complaint for
appellate review.  See Tex.R.App.P. 33.1.